IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBAL TEL*LINK CORPORATION, | § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. |
| v. | § § | 3:14-CV-00829-K |
| SECURUS TECHNOLOGIES, INC. | § § | **ECF** |
| *Defendant*. | § § § | |

**APPENDIX TO PLAINTIFF GLOBAL TEL*LINK CORPORATION'S
OPENING CLAIM CONSTRUCTION BRIEF**

Plaintiff Global Tel*Link Corporation hereby submits this Appendix to Plaintiff Global

Tel*Link Corporation's Opening Claim Construction Brief.

| **Description** | **Appendix Number** |
|---|---|
| Parties' Proposed Constructions for U.S. Patent No. 7,783,021, as set forth in Exhibit A, pages 5-10 and 11-15 in Doc. No. 81-1 (filed Sept. 26, 2014) | App. 001-004 |
| Petition for *Inter Partes* Review of U.S. Patent No. 7,783,021 Pursuant to 35 U.S.C. §§ 311-319 and 37 C.F.R. § 42.100 *et seq.*, *Securus Technologies, Inc. v. Global Tel*Link Corp.*, Case IPR2015-00153 (U.S. P.T.O. filed Oct. 24, 2014) (excerpt) | App. 005-010 |

Dated: November 19, 2014                    Respectfully submitted,

/s/ J.C. Rozendaal
J.C. Rozendaal (*pro hac vice*)             E. Leon Carter
Courtney S. Elwood (*pro hac vice*)         Texas State Bar No. 03914300
Evan T. Leo (*pro hac vice*)                lcarter@carterscholer.com
Christopher C. Funk (*pro hac vice*)        John Steven Torkelson
KELLOGG, HUBER, HANSEN, TODD,               Texas State Bar No. 00795154
   EVANS & FIGEL, P.L.L.C.                   jtorkelson@carterscholer.com
1615 M Street, N.W., Suite 400              Sheria D. Smith
Washington, DC 20036                        Texas State Bar No. 24075097
Tel: (202) 326-7900                         ssmith@carterscholer.com
Fax: (202) 326-7999                         CARTER SCHOLER ARNETT
                                               HAMADA & MOCKLER PLLC
                                            8150 N Central Expressway
                                            Fifth Floor
                                            Dallas, TX 75206
                                            Tel: (214) 550-8188
                                            Fax: (214) 550-8185

                                            *Counsel for Plaintiff Global Tel\*Link*
                                            *Corporation*


## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2014, Plaintiff electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send certification of such filing to all counsel of record.


                                            /s/ J.C. Rozendaal

**Exhibit A: Parties' Proposed Constructions (excerpt)**

**Doc. No. 81-1 (filed Sept. 26, 2014)**

**U.S. Patent No. 7,783,021**

| Term or Phrase | Claims | GTL's Proposed Construction | Securus's Proposed Construction |
|---|---|---|---|
| "further wherein said central platform comprises one or more apparatuses for processing said telephone call"<br><br>"further wherein said central platform includes one or more apparatuses for processing said telephone call"<br><br>"a central platform for processing said telephone call" | 1, 7, 16 | No construction required.<br><br>If the Court construes "central platform" to be subject to 35 U.S.C. § 112(6), GTL identifies the function and corresponding structures as follows:<br><br>Function: "processing telephone calls"<br><br>Corresponding Structure: "central call management platform 101 in Figures 1 & 3; platform 102 in Figure 2; or platform 219 in Figure 4" | Securus contends that this claim term is governed by 35 U.S.C. § 112(6) as it is written in a means-plus-function format, because the terms "central platform" and "apparatuses" do not recite structure and should, therefore, be read as "means," and that the claim limitation should be construed as follows:<br><br>Function: "for processing a telephone call made by said telephone terminal"<br><br>Corresponding Structure: A fully self-contained, digital centralized telephone call processing platform connected to an institutional facility via a LAN or a WAN and further connected to a PSTN and controlled by software associated with an administrative workstation (Specification, Col. 9:36-38, 16:41- 44, 16:63-65) comprising:<br><br>1. Authentic means comprising the structure set forth below with regard to construction of "authentication means" (Specification, Col. 9:46-48);<br><br>2. Hardware and software for routing telephone calls (Specification, Col. 9:46-48);<br><br>3. Hardware and software for |

Exhibit A: Parties' Proposed Constructions (excerpt)

Doc. No. 81-1 (filed Sept. 26, 2014)

U.S. Patent No. 7,783,021

| | | | |
|---|---|---|---|
| | | | performing voice prompts (Specification, Col. 9:46-48); |
| | | | 4. Hardware and software for responding to menu selections (Specification, Col. 9:46- 48); |
| | | | 5. An integrated channel bank allowing for fully integrated T-1 capability (Specification. Col. 9:54-56); |
| | | | 6. Multiple processors capable of load sharing (Specification, Col 9:56-60, Col. 16:32-36); |
| | | | 7. A site server serving as main database of the telephone management system connected to a number of administrative and investigative workstations capable of being used to create, edit, and monitor user accounts and telephone calls, including by listening to the outgoing calls in real time or by accessing calls stored on the site server or other storage database (Specification, Col 9:60-62, Col. 10:6-11); |
| | | | 8. A digital audio recorder attached the site server for monitoring, recording, and storing telephone calls in one or more databases, capable of monitoring multiple telephone lines simultaneously (Specification, Col 9:66-10:5, 16:54-63); |
| | | | 9. User-friendly software |

**Exhibit A: Parties' Proposed Constructions (excerpt)**

**Doc. No. 81-1 (filed Sept. 26, 2014)**

**U.S. Patent No. 7,783,021**

| | | | |
|---|---|---|---|
| | | | utilizing a graphical user interface or other types of OSD capable devices for administering user accounts of the telephone management system, including providing calling restrictions at all levels of operation and creating a debit account for each user and monitoring the balance (Specification, Col. 10:19-23, 57-58); |
| | | | 10. Hardware and software for allowing a called party to select options for rejecting a call and blocking calls from a caller, an institution, or similar calls in the future, including a calling party accessible number list database (Specification, Col. 11:36-40, Col. 15:3-5); |
| | | | 11. A storage database for storing PIN and biometric information of a local user (Specification, Col. 11:50-66); |
| | | | 12. Hardware and software for receiving biometric information scanned and converted to the same format as the information stored in the database and for comparing the scanned biometric information to the information maintained in the storage database (Specification Col. 11:67-12:8); |
| | | | 13. Voice recognition software for listening for certain keywords or phrases in a telephone conversation |

Exhibit A: Parties' Proposed Constructions (excerpt)

Doc. No. 81-1 (filed Sept. 26, 2014)

U.S. Patent No. 7,783,021

| | | | |
|---|---|---|---|
| | | | (Specification Col. 13:54-57); |
| | | | 14. Software enabling an operator to listen in on user conversations and record suspicious conversations for future reference (Specification Col. 13:63-14:3); |
| | | | 15. Third-party call detection software (Specification, Col. 14:5-9); and |
| | | | 16. Software for locking the telephone keypad of the local user telephone terminal after connection is made to prevent third-party calling or for allowing the user to press a predetermined number of keys after a connection has been made (Specification, Col. 14:24-30). |

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____


SECURUS TECHNOLOGIES, INC.
Petitioner

v.

GLOBAL TEL*LINK CORPORATION
Patent Owner
_____

Case IPR2015-_____
U.S. Patent No. 7,783,021
_____


**PETITION FOR *INTER PARTES* REVIEW OF U.S. PATENT NO. 7,783,021
PURSUANT TO 35 U.S.C. §§ 311-319 and 37 C.F.R. § 42.100 *et seq*.**

by their respective telephone sets, and an interface 210 for interfacing the telephone stations 201-*i* to a data network 220." (Apple, 11:61-67; Akl Decl. ¶ 66.)

Apple further explains that "[i]n many implementations, telephone stations 201-*i* in FIG. 2 will be standard analog telephone sets-physically hardened as appropriate to use in particular correctional facilities. . . . In other cases, telephone stations 201-*i* may include digital telephones that incorporate analog-to-digital (AID) and digital--to-analog (D/A) conversion in the sets themselves or in associated terminal adapters." (Apple, 12:20-29.)

Thus, Apple discloses each limitation of elements [1.2], [7.2], and [20.1].

### d)    Apple discloses a "central platform"

Claim 1 recites a "*central platform coupled to said plurality of trunk lines and coupled to said at least one telephone terminal for said telephone call, wherein said central platform is located offsite from said institution*" (element [1.3]). Similarly, Claim 7 recites "*at least one network connection coupled to a central platform*" (element [7.1]). And Claim 20 recites "*an on-site central platform*" (element [20.2]).

As shown, in Figures 2, 3, and 5-7, Apple discloses a central platform that is coupled to a plurality of trunk lines, at least one telephone terminal, and at least one network connection. (Apple, Figures 2, 3, 5-7; Akl Decl. ¶ 69.) As an example, Figure 5 illustrates "ICS provider data network facilities 525" comprising a number of networked functional elements (e.g., IPTS 320, SMDR Collection/Processing

16



362, and Billing Verification 365).  (Apple, Figure 5, 20:46-61; Akl Decl. ¶ 69.)  As

is also shown in Figure 5 and described by Apple, ICS provider data network

facilities 525 are coupled to the PSTN 120 (i.e., plurality of trunk lines) via FXO

gateway 542.  (Apple, Figure 5, 20:48-53; Akl Decl. ¶ 69.)  Also, Figure 5 shows

ICS provider data network facilities 525 coupled to telephone terminals 101-*i* via

network connection 115 to FXS Gateway 108.  (Apple, Figure 5, 13:21-24, 15:26-

33; Akl Decl. ¶ 69.)

Apple discloses that "ICS provider functional elements (e.g., IPTS 320 or

SMDR Collection and Processing 362) may be co-located in network 525, or one or

more of them-or other functional elements, such as gatekeeper 334 (not shown in

17

FIG. 5), may be located elsewhere in network 525." (Apple, 20:54-58). In the preferred embodiments disclosed by Apple, the central platform, providing "call control functionality for a plurality of correctional calling sites, can be combined at a single network-based (off-correctional-facility-site) location." (Apple, 18:66-19:3.)

While Apple discloses various advantages of locating the central platform off-



site, it also discloses systems that locate the call processing functionality on-site at the correction facilities. (Akl Decl. ¶ 71.) For example, Figure 6 of Apple discloses a system having a FXS gateway 112, FXO gateway 113, and admin terminal 111 located onsite at the correctional facility. (Apple, Figure 6.) Thus, Apple discloses

18

220 (including VOIP processing portion 225), a central location (or one or more regional locations) can include admin terminals for editing, reviewing and otherwise processing data accumulated in database 323." (Apple, 17:15-26; Akl Decl. ¶ 136.)

Thus, Apple discloses every limitation of Claims 21 and 22 of the '021 patent. Because Apple anticipates the '021 patent under 35 U.S.C. §102(e), Claims 21 and 22 of the '021 patent are unpatentable.

## VI.   CONCLUSION

U.S. Patent No. 7,881,446 to Apple is prior art to the '021 patent under 35 § 102(e) and, as shown by this Petition, discloses every limitation of Claims 1-23 of the '021 patent.  Thus, Claims 1-23 of the '021 patent are anticipated by Apple and therefore rendered invalid.

Dated:  October 24, 2014                     Respectfully submitted,

_____
Justin B. Kimble
Registration No. 58,591
Bragalone Conroy PC
2200 Ross Avenue, Suite 4500W
Dallas, TX 75201
Phone: (214) 785-6670
Email: jkimble@bcpc-law.com

## CERTIFICATE OF SERVICE ON PATENT OWNER

Pursuant to 37 C.F.R. § 42.6(e), the undersigned certifies that on the 24th day of October, 2014, a complete and entire copy of this Petition for Inter Partes Review

56

Under 37 C.F.R. §42.105 and supporting evidence, via Federal Express, to the Patent Owner by serving the correspondence address of record for U.S. Patent No. 7,783,021, as well as litigation counsel for the copending lawsuit captioned in the foregoing Petition (litigation counsel also served by e-mail):

Attorney(s) of Record
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON DC 20005

Litigation Counsel
Attn:  John C Rozendaal
Kellogg Huber Hansen Todd Evans & Figel PLLC
1615 M Street NW Suite 400
Washington, DC 20036
202/326-7985
Fax: 202/367-7999
Email: jrozendaal@khhte.com

_____
Justin B. Kimble