IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLOBAL TEL*LINK CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>*Defendant*. | CIVIL ACTION NO.<br>3:14-cv-00829-K<br><br>**JURY TRIAL DEMANDED** |

## SECOND REVISED JOINT CLAIM CONSTRUCTION CHART

Pursuant to this Court's Order of February 17, 2015 (Dkt. No. 105), Plaintiff Global Tel*Link Corporation ("GTL") and Defendant Securus Technologies, Inc. ("Securus") jointly submit this Second Revised Joint Claim Construction Chart showing the parties' proposed constructions of certain terms of U.S. Patent No. 7,551,732, U.S. Patent No. 7,783,021, U.S. Patent No. 7,853,243, and U.S. Patent No. 8,509,736.

### CLAIM TERMS THAT DO NOT NEED TO BE CONSTRUED

The parties agree that the following claim terms do not require construction by the Court.

1. U.S. Patent No. 7,551,732

"coupled to" (term used in claims 1, 5, 6, 8, 15, 20, 22, and 23)

"coupled between" (term used in claim 2)

"selectively coupled to" (term used in claim 10)

"ongoing conversation" (term used in claim 10)

"ongoing conversations" (term used in claim 6)

   2.  <u>U.S. Patent No. 7,783,021</u>

"coupled to" (term used in claims 1 and 7)

"at least one routing means coupled to said telephone terminal and said central platform" (term used in claim 1)

   3.  <u>U.S. Patent No. 7,853,243</u>

The parties have not identified any previously presented claim terms that no longer require construction by the Court.

   4.  <u>U.S. Patent No. 8,509,736</u>

The parties have not identified any previously presented claim terms that no longer require construction by the Court.

## AGREED-UPON CONSTRUCTIONS

   1.  <u>U.S. Patent No. 7,551,732</u>

| Claim Term | Agreed Proposed Construction | Judge's Construction |
|---|---|---|
| "streaming converter"<br><br>(Term used in claims 8, 10 and 15) | "hardware and software that converts voice data into a format that allows playback without waiting for the entire voice data file to download" | |

2. U.S. Patent No. 7,783,021

| Claim Term | Agreed Proposed Construction | Judge's Construction |
|---|---|---|
| "one or more apparatuses digitizes audio and stores said audio for caller identification at said institution"<br><br>(Term used in claim 1) | "one or more apparatuses converts audio into a digital format and stores the digital audio for performing caller identification at said institution" | |
| "one or more apparatuses digitizes audio regarding said conversation and stores said audio for caller identification at said institution"<br><br>(Term used in claims 7 and 20) | "one or more apparatuses converts audio regarding said conversation into a digital format and stores the digital audio for performing caller identification at said institution" | |
| "wherein said local user is only granted access to place a telephone call if an authentication means verifies identification information as indicative of a valid user"<br><br>(Term used in claim 13) | This claim term is governed by 35 U.S.C. § 112, ¶ 6:<br><br>Function: "verifying identification information as indicative of a valid user"<br><br>Corresponding Structure:<br><br>1. Personal identification number ("PIN") entered by the user for comparison with information stored in a database (Specification, Col. 11:10- 12);<br><br>2. PIN and biometric data scanned, converted and stored in a database (Specification, Col. 11:50–12:3); or<br><br>3. A radio frequency ("RF") band attached to the user comprising a transponder and sensors for detecting an RF pulse and relaying detection | |

3

| Claim Term | Agreed Proposed Construction | Judge's Construction |
|---|---|---|
| | data to a database containing a processor that calculates the location of the wearer (Specification, Col. 12:26–13:31). | |
| "central platform digitizes audio regarding said conversation and stores said audio for caller identification at an institution associated with said local user"<br><br>(Term used in claim 16) | "central platform converts audio regarding said conversation into a digital format and stores the digital audio for performing caller identification at an institution associated with said local user" | |

3. U.S. Patent No. 7,853,243

| Claim Term | Agreed Proposed Construction | Judge's Construction |
|---|---|---|
| "voice print"<br><br>(Term used in claim 1) | "voice identification sample made by recording a person's voice" | |

4. U.S. Patent No. 8,509,736

| Claim Term | Agreed Proposed Construction | Judge's Construction |
|---|---|---|
| "voiceprint"<br><br>(Term used in claims 1, 12 and 23) | "voice identification sample made by recording a person's voice" | |
| "costs of conversations by said local user"<br><br>(Term used in claim 31) | "the amounts charged for telephone calls" | |

4

## DISPUTED CONSTRUCTIONS

1. <u>U.S. Patent No. 7,551,732</u>

Claim 8:
An audio monitoring and recording system, comprising: a first telephone instrument located at a first location within a prison environment and **configured for communications with a second telephone instrument located at a second location**; an analog to digital converter at said first location having an analog input and a digital output, said first telephone instrument coupled to said input of said analog to digital converter; a storage device located at a third location physically remote from said first location and said second location coupled to said output of said analog to digital converter, said storage device being configured to store recorded conversation data files corresponding to said digital output of said analog to digital converter; a streaming converter coupled to said storage device; and a workstation coupled to said streaming converter, whereby audio originating from said telephone instrument may be monitored at said workstation.

| Claim Term | GTL's Proposed Construction | Securus' Proposed Construction | Judge's Construction |
|---|---|---|---|
| "a first telephone instrument . . . configured for communications with a second telephone instrument located at a second location"<br><br>(Term also used in claims 1 and 20) | No construction required.<br><br>To the extent the Court believes construction is required: "a telephone located within a prison that can send and receive voice audio to and from a telephone outside the prison" | "an originating telephony device comprising hardware and software arranged to communicate with a distantly located destination telephony device" | |

Claim 4:
An audio recording system as in claim 1, further comprising: **a workstation** coupled to said data storage device and **configured to access recorded conversation data stored in said storage device**.

| Claim Term | GTL's Proposed Construction | Securus' Proposed Construction | Judge's Construction |
|---|---|---|---|
| "a workstation . . . configured to access recorded inmate conversation data stored in said device"<br><br>(Term also used in claim 23) | No construction required. | "a powerful, high-speed personal computer comprising hardware and software arranged to access recorded inmate conversation data stored in said storage device" | |

2. U.S. Patent No. 7,783,021

Claim 1:
An inmate telecommunication call processing system comprising: a plurality of trunk lines of a Public Switched Telephone Network (PSTN); at least one telephone terminal for making a telephone call, wherein said telephone terminal is located onsite at an institution; a central platform coupled to said plurality of trunk lines and coupled to said at least one telephone terminal for said telephone call, wherein said central platform is located offsite from said institution, and **further wherein said central platform comprises one or more apparatuses for processing said telephone call**; an administrative workstation for connecting to a said telephone terminal to monitor conversations between said institution without detection by said user; and at least one **routing means** coupled to said telephone terminal and said central platform; wherein said one or more apparatuses controls telephonic communication between said at least one telephone terminal and said plurality of trunk lines, wherein said one or more apparatuses records said conversations in said telephone call between a user associated with said at least one telephone terminal and an external party, and further wherein said one or more apparatuses digitizes audio and stores said audio for caller identification at said institution, and further wherein said one or more apparatuses communicates with an administrative workstation for billing regarding said telephone call originating from said institution.

| Claim Term | GTL's Proposed Construction | Securus' Proposed Construction | Judge's Construction |
|---|---|---|---|
| "routing means" | "router"<br><br>If the Court construes this phrase to be subject to 35 U.S.C. § 112, ¶ 6, GTL identifies the function | Securus contends that this claim term is governed by 35 U.S.C. § 112, ¶ 6 as it is written in a means-plus-function format, and that the claim | |

| Claim Term | GTL's Proposed Construction | Securus' Proposed Construction | Judge's Construction |
|---|---|---|---|
| | and corresponding structures as follows:<br><br>Function:<br>"routing calls placed by users of the system through the platform to an outgoing trunk"<br><br>Corresponding Structure:<br>"Routers 121a-n of Figure 1; routing means integrated with Platform 102 of Figure 2; routers 213a-n of Figure 3; or router 221 of Figure 4" | limitation should be construed as follows:<br><br>Function:<br>"for routing a telephone call from said telephone terminal to said central platform"<br><br>Corresponding Structure:<br>1. "A router located onsite at an institutional facility, a communication link connecting the router to said telephone terminal, and a communication link connecting the router to said central platform over a PSTN" (Specification, Col. 15:59-16:32; FIG. 1); or<br>2. A gateway located onsite at an institutional facility comprising a router ("gateway router"), and a communication link connecting the gateway router to said telephone terminal, and a communication link connecting the gateway router to said central platform over a VOIP Frame Relay (Specification, Col. 18:1-30; FIG. 3) | |

7

| Claim Term | GTL's Proposed Construction | Securus' Proposed Construction | Judge's Construction |
|---|---|---|---|
| "further wherein said central platform comprises one or more apparatuses for processing said telephone call"<br><br>(Term also used in claim 7) | No construction required.<br><br>If the Court construes "central platform" to be subject to 35 U.S.C. § 112, ¶ 6, GTL identifies the function and corresponding structures as follows:<br><br>Function: "processing telephone calls"<br><br>Corresponding Structure: "central call management platform 101 in Figures 1 & 3; platform 102 in Figure 2; or platform 219 in Figure 4" | Securus contends that this claim term is governed by 35 U.S.C. § 112, ¶ 6 as it is written in a means-plus-function format, because the terms "central platform" and "apparatuses" do not recite structure and should, therefore, be read as "means," and that the claim limitation should be construed as follows:<br><br>Function: "for processing a telephone call made by said telephone terminal"<br><br>Corresponding Structure: A fully self-contained, digital centralized telephone call processing platform connected to an institutional facility via a LAN or a WAN and further connected to a PSTN and controlled by software associated with an administrative workstation (Specification, Col. 9:36-38, 16:41- 44, 16:63-65) comprising:<br><br>1. Authentication means comprising the | |

| Claim Term | GTL's Proposed Construction | Securus' Proposed Construction | Judge's Construction |
|---|---|---|---|
| | | structure set forth below with regard to construction of "authentication means" (Specification, Col. 9:36-38); | |
| | | 2. Hardware and software for routing telephone calls (Specification, Col. 9:46-48); | |
| | | 3. Hardware and software for performing voice prompts (Specification, Col. 9:46- 48); | |
| | | 4. Hardware and software for responding to menu selections (Specification, Col. 9:46- 48); | |
| | | 5. An integrated channel bank allowing for fully integrated T-1 capability (Specification. Col. 9:54-56); | |
| | | 6. Multiple processors capable of load sharing (Specification, Col 9:56-60, Col. 16:32-36); | |
| | | 7. A site server | |

| Claim Term | GTL's Proposed Construction | Securus' Proposed Construction | Judge's Construction |
|---|---|---|---|
| | | serving as main database of the telephone management system connected to a number of administrative and investigative workstations capable of being used to create, edit, and monitor user accounts and telephone calls, including by listening to the outgoing calls in real time or by accessing calls stored on the site server or other storage database (Specification, Col 9:60-62, Col. 10:6-11); 8. A digital audio recorder attached to the site server for monitoring, recording, and storing telephone calls in one or more databases, capable of monitoring multiple telephone lines simultaneously (Specification, Col 9:66-10:5, 16:54-63); 9. User-friendly software utilizing a graphical user interface or other types of OSD capable devices for | |

| Claim Term | GTL's Proposed Construction | Securus' Proposed Construction | Judge's Construction |
|---|---|---|---|
| | | administering user accounts of the telephone management system, including providing calling restrictions at all levels of operation and creating a debit account for each user and monitoring the balance (Specification, Col. 10:19-23, 57-58);<br><br>10. Hardware and software for allowing a called party to select options for rejecting a call and blocking calls from a caller, an institution, or similar calls in the future, including a calling party accessible number list database (Specification, Col. 11:36-40, Col. 15:3-5);<br><br>11. A storage database for storing PIN and biometric information of a local user (Specification, Col. 11:50-66);<br><br>12. Hardware and software for receiving biometric information scanned and converted to the same format as the information stored in | |

| Claim Term | GTL's Proposed Construction | Securus' Proposed Construction | Judge's Construction |
|---|---|---|---|
| | | the database and for comparing the scanned biometric information to the information maintained in the storage database (Specification Col. 11:67-12:8); 13. Voice recognition software for listening for certain keywords or phrases in a telephone conversation (Specification Col. 13:54-57); 14. Software enabling an operator to listen in on user conversations and record suspicious conversations for future reference (Specification Col. 13:63-14:3); 15. Third-party call detection software (Specification, Col. 14:5-9); and 16. Software for locking the telephone keypad of the local user telephone terminal after connection is made to prevent third-party calling or for allowing the user to press a predetermined | |

| Claim Term | GTL's Proposed Construction | Securus' Proposed Construction | Judge's Construction |
|---|---|---|---|
| | | number of keys after a connection has been made (Specification, Col. 14:24-30). | |

Claim 16:
A method for inmate telephonic communication, said method comprising the steps of: identifying a local user-attempting access to a telephone call management system; monitoring said attempted access to said system; controlling said access of said local user to said system; allowing telephonic communication between said local user and a remote user; storing said telephonic communication between said local and said remote user; and billing for usage of said system, wherein said telephone call management system comprises **a central platform for processing said telephone call**, wherein said central platform controls said telephonic communications between said local user and said remote user, wherein said central platform records conversations in said telephonic communication between said local user and said remote user, and further wherein said central platform digitizes audio regarding said conversation and stores said audio for caller identification at an institution associated with said local user, wherein said central platform connects with an administrative workstation for connecting to a call placed from said institution without detection by said local user; and further wherein said central platform communicates with an administrative workstation for billing for said telephonic communication made from said telephone call management system.

| Claim Term | GTL's Proposed Construction | Securus' Proposed Construction | Judge's Construction |
|---|---|---|---|
| "a central platform for processing said telephone call" | No construction required.<br><br>If the Court construes "central platform" to be subject to 35 U.S.C. § 112, ¶ 6, GTL identifies the function and corresponding structures as follows:<br><br>Function: "processing telephone calls"<br><br>Structure: "central call management platform 101 in Figures 1 & 3; platform 102 in | Securus contends that this claim term is governed by 35 U.S.C. § 112, ¶ 6 as it is written in a means-plus-function format, because the term "central platform" does not recite structure and should, therefore, be read as "means," and that the claim limitation should be construed as follows:<br><br>Function: "for processing a telephone call made by said telephone | |

13

| | | Figure 2; or platform 219 in Figure 4" | terminal"<br><br>Corresponding Structure: A fully self-contained, digital centralized telephone call processing platform connected to an institutional facility via a LAN or a WAN and further connected to a PSTN and controlled by software associated with an administrative workstation (Specification, Col. 9:36-38, 16:41- 44, 16:63-65) comprising:<br><br>1. Authentication means comprising the structure set forth above with regard to construction of "authentication means" (Specification, Col. 9:36-38);<br><br>2. Hardware and software for routing telephone calls (Specification, Col. 9:46- 48);<br><br>3. Hardware and software for performing voice prompts (Specification, Col. 9:46- 48);<br><br>4. Hardware and | |

|  |  | software for responding to menu selections (Specification, Col. 9:46- 48); |  |
|---|---|---|---|
|  |  | 5. An integrated channel bank allowing for fully integrated T-1 capability (Specification. Col. 9:54-56); |  |
|  |  | 6. Multiple processors capable of load sharing (Specification, Col 9:56-60, Col. 16:32-36); |  |
|  |  | 7. A site server serving as main database of the telephone management system connected to a number of administrative and investigative workstations capable of being used to create, edit, and monitor including by listening to the outgoing calls in real time or by accessing calls stored on the site server or other storage database (Specification, Col 9:60-62, Col. 10:6-11); |  |
|  |  | 8. A digital audio recorder attached to |  |

| | | | |
|---|---|---|---|
| | | the site server for monitoring, recording, and storing telephone calls in one or more databases, capable of monitoring multiple telephone lines simultaneously (Specification, Col 9:66-10:5, 16:54-63); 9. User-friendly software utilizing a graphical user interface or other types of OSD capable devices for administering user accounts of the telephone management system, including providing calling restrictions at all levels of operation and creating a debit account for each user and monitoring the balance (Specification, Col. 10:19-23, 57-58); 10. Hardware and software for allowing a called party to select options for rejecting a call and blocking calls from a caller, an institution, or similar calls in the future, including a calling party accessible number list database (Specification, Col. 11:36-40, Col. 15:3-5); | |

| | | | |
|---|---|---|---|
| | | 11. A storage database for storing PIN and biometric information of a local user (Specification, Col. 11:50-66); | |
| | | 12. Hardware and software for receiving biometric information scanned and converted to the same format as the information stored in the database and for comparing the scanned biometric information to the information maintained in the storage database (Specification Col. 11:67-12:8); | |
| | | 13. Voice recognition software for listening for certain keywords or phrases in a telephone conversation (Specification Col. 13:54-57); | |
| | | 14. Software enabling an operator to listen in on user conversations and record suspicious conversations for future reference (Specification Col. 13:63-14:3); | |
| | | 15. Third-party call detection software | |

| | | | |
|---|---|---|---|
| | | (Specification, Col. 14:5-9); and<br><br>16. Software for locking the telephone keypad of the local user telephone terminal after connection is made to prevent third-party calling or for allowing the user to press a predetermined number of keys after a connection has been made (Specification, Col. 14:24-30). | |

3. U.S. Patent No. 7,853,243

Claim 1:
A method for restricting access to a public telephone network using a telephone call management system, said method comprising the steps of: assigning a first identification number to each of a plurality of potential callers; recording a first voice print of at least one potential caller; storing said first **voice print** and said first identification number in a database; during each access attempt to said public telephone network by said potential caller: prompting said at least one potential caller to input a second identification number; recording a second voice print of said at least one potential caller; **matching said first and second identification numbers**; comparing said second voice print with said first voice print associated with said first identification number; granting said at least one potential caller access to said public telephone network to attempt to place a telephone call **if said second voice print matches said first voice print**; monitoring at least one conversation to detect the presence of a three-way call attempt; and recording at least one conversation between said at least one potential caller and a third-party remotely located from said at least one potential caller if said recording is permissible; and detecting the presence of predetermined keywords in audio of said at least one conversation.

| Claim Term | GTL's Proposed Construction | Securus' Proposed Construction | Judge's Construction |
|---|---|---|---|
| "matching said first and second identification numbers" | No construction required | "determining that the second identification number is the same as the first identification number" | |

18

| "if said second voiceprint matches said first voice print" | No construction required.<br><br>To the extent the Court believes construction is required: "if said second voiceprint is from the same individual as said first voiceprint" | "if said second voiceprint is the same as said first voiceprint" | |

4. <u>U.S. Patent No. 8,509,736</u>

None.

Dated:  February 27, 2015

/s/ *Anthony J. Magee*
G. Michael Gruber
Texas State Bar No. 08555400
mgruber@ghjhlaw.com
Anthony J. Magee
Texas State Bar No. 00786081
amagee@ghjhlaw.com
Robert E. Weitzel
Texas State Bar No. 24070823
rweitzel@ghjhlaw.com

**GRUBER HURST JOHANSEN HAIL SHANK LLP**
1445 Ross Avenue, Suite 2500
Dallas, TX 75202
Tel: (214) 855-6800
Fax: (214) 855-6808

*Counsel for Defendant*
*Securus Technologies, Inc.*

Respectfully submitted,

/s/ *J.C. Rozendaal*
J.C. Rozendaal (*pro hac vice*)
Courtney Simmons Elwood (*pro hac vice*)
Evan T. Leo (*pro hac vice)*
Christopher C. Funk (*pro hac vice*)
Nicholas O. Hunter (*pro hac vice*)

**KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, DC 20036
Tel: (202) 326-7900
Fax: (202) 326-7999

E. Leon Carter
Texas State Bar No. 03914300
lcarter@carterscholer.com
John Steven Torkelson
Texas State Bar No. 00795154
jtorkelson@carterscholer.com
Linda R. Stahl
Texas State Bar No. 00798525
lstahl@carterscholer.com

**CARTER SCHOLER ARNETT HAMADA & MOCKLER PLLC**
8150 N Central Expressway, 5th Floor
Dallas, TX 75206
Tel: (214) 550-8188
Fax: (214) 550-8185

*Counsel for Plaintiff*
*Global Tel*Link Corporation*