UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBAL TEL*LINK CORPORATION, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Civil Action No. 3:14-cv-00829-K | |
| § | | |
| SECURUS TECHNOLOGIES, INC., § | | |
| § | | |
| *Defendant*. § | Jury Trial Requested | |

**DEFENDANT'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**

Defendant and Counter Claimant Securus Technologies, Inc. ("Defendant" or "Securus") hereby submits this Supplemental Claim Construction Brief, as directed by the Court's Order issued July 9, 2015 (Doc. 145). The disputed claim terms affected by the *Williamson* decision are all contained in U.S. Patent No. 7,783,021 (Digital Telecommunications Call Management and Monitoring System). Specifically, they are:

(1) "at least one routing means coupled to said telephone terminal and said central platform" (Claim 1);

(2) "further wherein said central platform comprises [*or* includes] one or more apparatuses for processing said telephone call" (Claim 1, [Claim 7]), and

(3) "a central platform for processing said telephone call" (Claim 16).

A. **NEW LEGAL STANDARD**

"In making the assessment of whether the limitation in question is a means-plus-function term subject to the strictures of § 112, para. 6 … the essential inquiry is not merely the presence or absence of the word 'means.'" *Williamson v. Citrix Online, LLC*, No. 2013-1130, 2015 WL 3687459 at *6 (Fed. Cir. June 16, 2015). "The standard is whether the words of the claim are

understood by persons of ordinary skill in the art to have a *sufficiently definite* meaning as the name for structure." *Id*. at *7 (emphasis added). "When a claim term lacks the word 'means,' the presumption can be overcome … if the challenger demonstrates that *the claim term* fails to 'recite sufficiently definite structure' or else recites 'function without reciting sufficient structure for performing that function.'" *Id.* (emphasis added).

"[T]he use of a generic word that does not connote structure to a person of ordinary skill in the art can result in rebuttal of the presumption against means-plus-function treatment for terms that do not use the word 'means.'" *E2E Processing, Inc. v. Cabela's Inc.*, No. 2:14-CV-36-JRG, 2015 WL 4051423, at *5, citing *Robert Bosch, LLC v. Snap–On Inc.,* 769 F.3d 1094, 1099 (Fed. Cir. 2014).

"The converse presumption remains unaffected: 'use of the word "means" creates a presumption that § 112, ¶ 6 applies.'" *Williamson* at *7, citing *Personalized Media Comm'ns, LLC v. International Trade Com'n*, 161 F.3d 696, 703 (Fed. Cir. 1998). The presumption can be rebutted "if the evidence intrinsic to the patent and any relevant extrinsic evidence so warrant." *Personalized Media*, 161 F.3d at 703. "In deciding whether either presumption has been rebutted, the focus remains on whether *the claim* as properly construed recites *sufficiently definite* structure to avoid the ambit of § 112, ¶ 6." *Id.* (emphasis added).

## B. ARGUMENT

For the reasons stated in more detail below, the disputed claim term "routing means" is presumed to invoke the application of 35 U.S.C. § 112, ¶ 6 and GTL is unable to rebut that presumption because claim 1 of the '021 patent, as properly construed, fails to recite sufficiently definite structure for the claimed function, which, for the reasons stated in Securus' Opening Claim Construction Brief (Doc. 90) and its Responsive Claim Construction Brief (Doc. 96) and

below, should be construed as "for routing a telephone call from said telephone terminal to said central platform."

In addition, for the reasons stated in more detail below, the presumption that 35 U.S.C. § 112, ¶ 6 does not apply to the disputed claim terms "central platform" and "apparatuses" is rebutted in this case because claims 1, 7 and 16 of the '021 patent recite merely function – "for processing said telephone call" – without reciting sufficient structure for performing that function, and the person of ordinary skill in the art would not understand the claim language to recite sufficiently definite structure for performing the function of processing the telephone disclosed in the disputed patent claims.

### 1. "Routing Means"

Because the patentee used the word "means" in the claim term "routing means," there is a rebuttable presumption that 35 U.S.C § 112, ¶ 6 applies. *Williamson* at *7. To rebut that presumption, GTL must demonstrate that the claim, as properly construed, recites sufficiently definite structure to avoid the ambit of § 112, ¶ 6. *Personalized Media*, at 703. The term "routing means" in claim 1 of the '021 patent recites no structure at all. Resort to the intrinsic evidence does not allow the term "routing means" to be construed as reciting structure because in the specification, the patentee variously uses the term "router" and "routing means."[1] The person of ordinary skill in the art would not assume that the term "routing means" means "router," as GTL contends, or discloses a sufficiently definite name for structure.[2]

Assuming the Court finds that the term "routing means" invokes the application of 35 U.S.C. § 112, ¶ 6, Securus relies on and incorporates the argument and authorities contained in

---

[1] *See* Def. Resp. Claim Constr. Brf at 5 (Doc. 96).
[2] *See* McAlexander Decl. ¶ 31 (App. at 10).

its Opening Claim Construction Brief (Doc. 90 at 13-14) and Responsive Claim Construction Brief (Doc. 96 at 6-7) as to the proper construction of the claimed function and the structure disclosed in the specification corresponding to that function and adds the following point. The alleged claim differentiation between claims 1 and 2 that GTL contends support its construction of the claimed function of the "routing means" does not exist. Claim 1 of the '021 patent discloses making and processing of "telephone calls" and monitoring and recording "conversations," i.e., connected calls. *See* '021 patent, 18:50-19:14. By contrast, claim 2 discloses routing "***attempted*** telephonic communication to said central platform." '021 patent, 19:15-17 (emphasis added). Thus, claims 1 and 2 are not differentiated by the reference "to said central platform" and Securus' proposed construction of the function of 'routing means" does not make claim 2 redundant. To be sure, nothing in the claim language justifies adding the limitation contained in GTL's proposed construction of the recited function.

### 2. "Apparatuses [*or* Central Platform] For Processing Said Telephone Call

Because the patentee did not use the word "means" in these disputed terms, in order to overcome the presumption that 35 U.S.C. § 112, ¶ 6 does not apply – albeit no longer a strong presumption – Securus must demonstrate that "the claim term[s] fail[] to 'recite sufficiently definite structure' or else recite[] 'function without reciting sufficient structure for performing that function.'" *Personalized Media*, at 703.

The presumption that 35 U.S.C. § 112, ¶ 6 does not apply to the "central platform" and "apparatuses" claim terms is easily rebutted in this case. None of the disputed claims – claims 1, 7, and 16 of the '021 patent – recites any structure for the central platform or the apparatuses comprised in the central platform, let alone "sufficiently definite structure" for the recited function of "processing said telephone call." *See* '021 patent, 18:50-20:50; *Personalized Media*,

at 70. The terms "apparatuses"[3] and "central platform"[4] are nonce words. Each reference in the disputed claim terms to "central platform" and "apparatuses" is associated with a description of function only. *See* '021 patent, 18:50-20:50. A person of ordinary skill in the art would not understand either of the terms "apparatuses" and "central platform comprises one or more apparatuses" as disclosing sufficiently definite meaning for structure "for processing said telephone call."[5] A platform or an apparatus could be a multitude of tangible or intangible things comprising hardware, software, or a combination of the two.[6] The terms are so generic that their use in the disputed claims rebuts the presumption against means-plus-function treatment. *E2E Processing*, 2015 WL 4051423, at *5.

Assuming the Court finds that the terms "central platform" and "apparatuses" invoke the application of 35 U.S.C. § 112, ¶ 6, Securus relies on and incorporates the arguments and authorities contained in its Opening Claim Construction Brief (Doc. 90 at 18-19) and its Responsive Claim Construction Brief (Doc. 96 at 9-11) as to the proper construction of the claimed function and the structure disclosed in the specification corresponding to that function.

C. <u>CONCLUSION</u>

Therefore, Securus respectfully requests that the Court find that 35 U.S.C. § 112, ¶ 6 applies to all of the disputed claims terms identified in this Supplemental Brief and that the Court adopt Securus' proposed construction for the claimed function and corresponding structure.

---

[3] The term "apparatus" is so generic that it does not even warrant an entry in Newton's Telecom Dictionary. *Newton's Telecom Dictionary* (23rd Ed.) at 117, (17th Ed.) at 53 (App. at 41, 45).
[4] Newton's definition of "platform" is so generic that it does not disclose definite structure for the recited function of processing said telephone call. *Newton's Telecom Dictionary* 2007 (23rd Ed.) at 721 ("Platform is a loosely defined word for a software operating system and/or open hardware, which an outside could write software for"); (17th Ed.) at 534 (same) (App. at 42, 46).
[5] *See* McAlexander Decl. ¶ 32 (App. at 10-11).
[6] *Id*.

Dated: July 20, 2015                                Respectfully Submitted,

/s/ *Richard A. Sayles*
Richard A. Sayles
(Lead Counsel)
Texas State Bar No. 17697500
dsayles@swtriallaw.com
E. Sawyer Neely
Texas State Bar No. 24041574
sneely@swtriallaw.com
Darren P. Nicholson
Texas State Bar No. 24032789
dnicholson@swtriallaw.com
Mark D. Strachan
Texas State Bar No. 19351500
mstrachan@swtriallaw.com
**SAYLES │ WERBNER, P.C**.
1201 Elm Street, Suite 4400
Dallas, Texas 75270
(214) 939-8700 – Telephone
(214) 939-8787 – Facsimile


G. Michael Gruber
State Bar No. 08555400
mgruber@ghetrial.com
Anthony J. Magee
State Bar No. 00786081
amagee@ghetrial.com
Robert E. Weitzel
State Bar No. 24070823
rweitzel@ghetrial.com
**GRUBER HURST ELROD JOHANSEN HAIL SHANK LLP**
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
Telephone: 214-855-6800
Fax: 214-855-6808

*Attorneys for Defendant and Counter Claimant Securus Technologies, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 20, 2015, Securus Technologies, Inc. electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send certification of such filing to all counsel.

      */s/ Anthony J. Magee*
      **Anthony J. Magee**