**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GLOBAL TEL*LINK CORPORATION,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-cv-00829-K |
| | § | |
| **SECURUS TECHNOLOGIES, INC.,** | § | |
| | § | |
| *Defendant*. | § | **Jury Trial Requested** |

**DEFENDANT SECURUS TECHNOLOGIES, INC.'S**
**MOTION TO STAY CASE DUE TO PENDING**
***INTER PARTES* REVIEW PROCEEDINGS**

Plaintiff Global Tel*Link Corporation ("GTL") filed suit against Defendant Securus Technologies, Inc. on October 21, 2013 alleging infringement of four patents.[1] Since then, GTL has voluntarily dropped its infringement claims with regard to one of the original patents-in-suit.[2] In October 2014, Securus petitioned the U.S. Patent and Trademark Office ("PTO") for *inter partes* review ("IPR") of the other three patents-in-suit. After considering Securus' petitions and GTL's responses, the PTO's Patent Trial and Appeals Board ("PTAB") determined on May 1, 2015, that Securus has established a "reasonable likelihood" that almost all the asserted claims of two of those patents – the '732 patent and the '243 patent – are invalid, and has instituted review proceedings on those claims.[3] The PTAB will conduct an oral hearing on the challenged claims on January 11, 2016, and is required by statute to conclude the proceedings within one year after being instituted.[4] Therefore, it is expected to issue a final written decision by May 1, 2016.

The Court recently granted GTL's motion to stay a related patent infringement case styled *Securus Technologies, Inc. v. Global Tel*Link Corporation*, No. 3:14-cv-04233-K (the "04233-K Action") pending the outcome of *inter partes* review proceedings involving three out of six patents-in-suit in that action. *See* Order issued June 30, 2015 (04233-K Action Dkt. 49). Securus opposed GTL's motion to stay the 04233-K Action for the reasons stated in its opposition (04233-K Action Dkt. 42), but, after careful consideration, the Court stayed the 04233-K Action pending resolution of the *inter partes* review proceedings affecting three out of

---

[1] The original patents-in-suit are: U.S. Patent No. 7,551,732 (the "'732 patent"); U.S. Patent No. 7,783,021 (the "'021 patent"); U.S. Patent No. 8,509,736 (the "'736 patent"); and U.S. Patent No. 7,853,243 (the "'243 patent"). Compl., ¶¶ 9-13 [Dkt. 1].
[2] Based on its opening expert designations, GTL is no longer asserting that Securus infringes the '736 patent.
[3] *See Securus Technologies, Inc. v. Global Tel*Link Corp.*, Case No. IPR2015-00155, Paper No. 10, at 1-2, 13 (PTAB May 1, 2015) (App. 1-2, 13) (instituting *inter partes* review of claims 1-6 of the '243 patent); *Securus Technologies, Inc. v. Global Tel*Link Corp.*, Case No. IPR2015-00156, Paper No. 12, at 2 (PTAB May 1, 2015) (App. 2) (instituting *inter partes* review of claims 1-8 and 11-27 of the '732 patent).
[4] *See* 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c).

Securus' four patents-in-suit. The arguments asserted by GTL in its motion to stay in the 04233-K Action, therefore, also support granting a stay in this action. (04233-K Action Dkt. 40.)

As GTL pointed out in its motion, Judge Bryson of the Federal Circuit observed recently that "courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted inter partes review proceedings." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *6 (E.D. Tex. Mar. 11, 2015).

Because two of GTL's three remaining patents-in-suit are likely to be invalidated, almost in their entirety, in the *inter partes* review proceedings and because the PTAB's decision will simplify the remaining issues in this action, Securus requests that the Court stay this action for a relatively short period pending resolution of the *inter partes* review proceedings.

## ARGUMENT AND AUTHORITIES

The Court has inherent power to stay this action in order to economically manage its docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The Court's inherent power to manage its docket and stay proceedings applies liberally to staying litigation pending the conclusion of review proceedings before the United Stated Patent and Trademark Office. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983) ("stays will not be vacated unless they are 'immoderate or of an indefinite duration'"); *see also Equipements de Transformation IMAC v. Anheuser-Busch Cos.*, 559 F. Supp. 2d 809, 816, *modified on recon. on other grounds*, No. 07-13306, 2008 WL 3852240 (E.D. Mich. Aug. 18, 2008) ("[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination … proceedings"). "In particular, the question whether to stay

proceedings pending inter partes review of a patent is a matter committed to the district court's discretion." *NFC Techn.,* 2015 WL 1069111, at *1. If the outcome of *inter partes* review proceedings is likely to assist the court in determining patent validity or is likely to eliminate the need to try infringement issues, a stay is particularly justified. *Id.*

Courts in this District have considered three pertinent factors in addressing motions to stay: (1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Micrografx, LLC v. Samsung Telecomms. Am., LLC*, No. 3:13-CV-3599-N, 2014 WL 8239371, at *1 (N.D. Tex. July 9, 2014); *see also Employment Law Compliance, Inc. v. Compli, Inc.*, No. 3:13-CV-3574-N, 2014 WL 3739770, at *1 (N.D. Tex. May 27, 2014).

## I.    GTL Will Not Be Unduly Prejudiced or Tactically Disadvantaged by a Stay

As GTL argued in its motion in the 04233-K Action, any delay caused by the *inter partes* review process, without more, does not justify denial of a stay. *See Employment Law Compliance*, 2014 WL 3739770, at *1. To the contrary, "the *inter partes* review was designed to create efficiencies and 'proceed in a timely fashion.'" *Id*. Furthermore, "where Plaintiffs have an adequate remedy at law, there is no undue prejudice." *Dataquill Ltd. v. High Tech Computer Corp.*, No. 08cv543-IEG-LSP, 2009 WL 1391537, at *3 (S.D. Cal. May 14, 2009).

Because of the accelerated schedule of *inter partes* review proceedings, any delay caused by a stay will not be unduly substantial. As GTL argued in its motion, a delay of less than a year will not cause undue prejudice. Similarly, in the present action, a final decision of the PTAB is expected by May 1, 2016, whereas trial is currently scheduled for February 2016. Thus, the delay occasioned by a stay will be insubstantial.

In the meantime, should the challenged GTL patents survive the *inter partes* review proceedings and should GTL succeed in proving infringement, GTL will be adequately compensated for any such delay by an award of money damages. This is particularly so in light of the fact that GTL has not sought a preliminary injunction in this case. *See Equipements*, 559 F. Supp. 2d at 816; *see also VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014). The fact that GTL and Securus are competitors does not give rise to undue prejudice to GTL because there are other competitors in their industry. *See* GTL Reply at 4, n4, Reply App. at 1-2 [04233-K Action Dkt. 44, 45]; *see also Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC*, No. C-14-1575-EMC, 2014 WL 3107447, at * 6-7 (N.D. Cal. Jul. 3, 2014); *Destination Maternity Corp. v. Target Corp.*, 12 F.Supp.3d 762, 768 (E.D. Penn. 2014).

Staying this case will not impose a clear tactical disadvantage on GTL. In fact, the opposite is true because not staying this case would enable GTL's challenged patent infringement claims asserted in this action to go to trial before the PTAB has ruled on their validity. Based on the statistics cited in its motion filed in the 04233-K Action, GTL contended that it is highly likely that any patent claims instituted for trial by PTAB (including, by implication, GTL's own patent claims asserted in this action) will be invalidated. In those circumstances, it would present GTL with a clear tactical advantage to go to trial in this Court on its challenged patent claims while the *inter partes* review proceedings remain to be resolved.

There is no basis for suggesting that Securus' *inter partes* review proceedings were filed for dilatory motives. Indeed, Securus filed its inter partes review proceedings and its motion to stay just as promptly as GTL filed its own. GTL waited twelve months to file two of its petitions for *inter partes* review and between seven weeks and four months to file its motion to stay after the PTAB had instituted trial on Securus' patents-in-suit in the 04233-K Action. Moreover, this

is not a case where the *inter partes* review petitions were filed on the eve of trial. See *Finjan, Inc. v. FireEye, Inc.*, No. C 13-03133 SBA, 2014 WL 2465267, at *3 (N.D. Cal. June 2, 2014).

## II.     A Stay Would Simplify the Issues in this Action

"Courts routinely issue stays in infringement cases pending reexamination for the very reason that the infringement action can become moot or, at the very least, narrowed significantly." *Equipements*, 559 F.Supp.2d at 816. A stay of this action pending resolution of the *inter partes* review proceedings would undoubtedly simplify this action. As GTL pointed out in its motion, Judge Bryson recently enumerated the many potential benefits of a stay pending resolution of *inter partes* review proceedings, including, in summary: prior art presented to the Court will have been first considered by the PTO, with its particular expertise; discovery problems relating to prior art can be alleviated by the PTO; cases resulting in effective invalidity of the patent, will enable asserted patent claims to be dismissed; the PTAB record would likely be entered at trial, thereby reducing the complexity and length of the litigation; (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences after the *inter partes* review proceedings; and the cost will likely be reduced both for the parties and the Court. *See NFC Techn.*, 2015 WL 1069111, at *4.

The PTAB has instituted review of the '243 and '732 patents, after finding a reasonable likelihood that those patent claims are invalid. Turning GTL's logic upon itself, because the PTAB instituted proceedings on those claims, there is a reasonable likelihood that the PTAB will have cancelled them by May 1, 2016. That result would leave only one dependent claim from the

'732 patent[5] and one other GTL patent alive in this action, thereby substantially narrowing the issues for trial. Furthermore, even if any of GTL's asserted claims survived the *inter partes* review proceedings, the PTAB's record and final decision might assist the Court in construing those surviving claims and ruling on any remaining validity issues. *See, Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) ("A patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer.").

In addition, once the PTAB issues a final written decision, Securus will be estopped from asserting in this action that an asserted patent claim is invalid based on any ground that Securus raised or reasonably could have raised during the *inter partes* review proceedings. *See* 35 U.S.C. § 315(e)(2); *Micrografx*, 2014 WL 8239371 at *2. Finally, if GTL narrows any claims by amendment in order to survive the *inter partes* review proceedings, it should narrow its infringement theories in this action accordingly.

For all these reasons, resolution of this action will be streamlined and aided if it is stayed pending the resolution of the pending *inter partes* review proceedings. *See Spa Syspatronic, AG v. Verifone, Inc.*, No. 2:07-CV-416, 2008 WL 1886020, at *1 (E.D. Tex. Apr. 25, 2008) ("One major reason why stays pending reexamination are granted is that whether or not the PTO ultimately amends or invalidates a patent's claims during reexamination, the PTO's reexamination provides the Court with an expert funneling of the issues for trial"). As GTL argued in support of its motion to stay the 04233-K Action, "[t]here is no reason for the parties

---

[5] The PTAB instituted review of the '732 patent on all but one of the twelve claims asserted by GTL. The PTAB did not institute review of claim 10. Claim 10 is dependent upon claim 8 on which the PTAB did institute review.

and the Court to spend resources briefing and arguing claim constructions and other issues regarding claims that are unlikely to survive in their current form." *See* GTL's Motion at 7 [04233-K Action Dkt. 40].

### III. The Stage of the Litigation Favors a Stay

It is true that "[t]he early stage of a litigation weighs in favor of granting a stay pending reexamination." *Microsoft Corp. v. TiVo Inc.*, No. 10-CV-00240-LHK, 2011 WL 1748428 at *6 (N.D. Cal. May 6, 2011). However, "many courts have stayed infringement suits even after discovery was complete." *Id.* Indeed, the Federal Circuit has cautioned that courts should "be mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial." *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1371 (Fed. Cir. 2014), *vacated upon joint motion on other grounds*, 780 F.3d 1134 (Fed. Cir. 2015), citing *Broadcast Innovation, L.L.C. v. Charter Commc'n, Inc.,* No. 03–CV–2223–ABJ–BNB, 2006 WL 1897165, at *8 (D.Colo. July 11, 2006) ("[C]ourts considering this factor do not stop at discovery and trial settings, but rather, routinely inquire as to the occurrence (sic) summary judgment arguments, rulings on summary judgment, and the status of the final pretrial order, among other elements.").

Discovery is not yet complete in the present action. Although the action is set for trial in February 2016, there is much to be done in this action before trial. *See* Scheduling Order ¶ 3. [Dkt. 70]. While the present action is at a more advanced stage than the 04233-K Action was when the Court stayed it, the claim construction ruling in this action remains pending. Indeed, the Court recently ordered the parties to submit additional claim construction briefing by July 20 in light of the recent decision in *Williamson v. Citrix Online, LLC et al*, No. 2013-1130, 2015 WL 3697550 (Fed. Cir. June 16, 2015). *See* July 9, 2015 Order [Dkt. 145].

Although opening expert designations have been made, rebuttal designations are not due until August 14, expert depositions have not yet been taken, and discovery will not close until September 3, 2015. *See* Joint Notice of Agreement to Extend Deadlines. [Dkt. 138.] Once the Court has issued its claim construction ruling, the parties may revise their infringement contentions and invalidity contentions if they believe in good faith that the ruling so necessitates. Specifically, GTL may amend its infringement contentions, if necessary, within 30 days from the date the claim construction ruling is filed. *See* Misc. Ord. No. 62, ¶3-6(a). Securus might amend its invalidity contentions within 50 days from the date the claim construction ruling is filed. *Id.* ¶3-6(b). In addition, the parties may need to amend or supplement their expert designations in light of the Court's claim construction ruling and any amended infringement or invalidity contentions. Dispositive motions are due on September 7, 2015, *Daubert* motions are due on November 7, 2015, and pretrial disclosures are due on January 4, 2016. *See* Scheduling Order [Dkt. 70.] Thus, a substantial amount of pretrial work remains to be done in this action.

The Court and the parties would be spared this potentially unnecessary expenditure of time and resources if this case were stayed to await the outcome of the *inter partes* review proceedings. As GTL argued in its motion to stay the 04233-K Action, "[t]he Court has stayed cases that have progressed further than this case." *See Employment Law Compliance*, 2014 WL 3739770, at *2. (staying case where "parties have engaged in written discovery" but the "claim construction phase" was not complete and the Markman hearing not scheduled); *see also NFC Techn.*, 2015 WL 1069111, at *3 (staying case although it was clearly "not in its infancy").

## IV. A Stay is Warranted Even Though One of GTL Patents-in-Suit is Not Involved in *Inter Partes* Review Proceedings

Securus requests a stay of this entire action to ensure that GTL's various infringement allegations against Securus proceed together. A stay of the entire case pending the *inter partes* review proceedings makes good sense even though GTL's '021 patent is not undergoing *inter partes* review. As the Federal Circuit recently said, "[s]tays can be warranted even when a [review] proceeding does not address all asserted patents, claims, or invalidity defenses." *Versata Software,* 771 F.3d at 1371 (Fed. Cir. 2014).

A stay of the entire action is warranted because there is significant overlap in the technology underlying, at least, the '243 patent, the '732 patent, and the '021 patent and in the scope of GTL's infringement claims. *See Pacesetter, Inc. v. Cardiac Pacemakers, Inc.*, No. Civ. 02-1337(DWF/SRN), 2003 WL 23303473, at *3 (D. Minn. Nov. 19, 2003). For example, the '021 patent and the '243 patent have a common inventor: namely, Stephen Lee Hodge. *See* Compl. Ex. B [Dkt. 1-2], Ex. D [Dkt. 1-4]. In addition, Stephen Hodge is also the inventor of the '736 patent, which respect to which Securus seeks a declaratory judgment of invalidity. *See* Compl. Ex. C [Dkt. 1-3].

The three Hodge patents-in-suit share an identical or near-identical field of invention. For example, the '736 patent, which is a continuation of the application that became the '243 patent, shares an identical field of invention with the '243 patent: "The present invention relates generally to the field of telephone communications in penal institutions or similar facilities. In particular, the present invention relates to a computer-based telecommunication system with the capacity to allow an institution to control, record, monitor, and report usage and access to a telephone network." *See* '243 patent at Col. 1:15-22 [Dkt. 1-4], '736 patent at Col. 1:14-21 [Dkt. 1-3]. The '021 patent has a near-identical field of invention, the only difference being the

inclusion of the words "centralized, fully self-contained, digital" before "computer-based telecommunication system." *See* '021 patent at Col. 1:4-12 [Dkt. 1-2]. Thus, the patented technology is closely related among the patents-in-suit, both those under and those not under *inter partes* review.

There is also substantial overlap among the accused products. GTL has asserted that "Securus makes, uses, sells, or offers for sale specialized telecommunications systems and/or services for correctional institutions in competition with GTL" and "has infringed … the '732, '021, '736, '243 patents." *See* Compl. ¶ 13 [Dkt. 1]. Specifically, GTL has accused the same Securus products and services – namely, "its inmate telephone system and inmate telephone services, and other inmate correctional facility related services, including but not limited to its Secure Call Platform™ ("SCP") ... (collectively, the "Secure Call Management Products and Services") – of infringing both the '021 patent (not in *inter partes* review) and the '732 patent (in *inter partes* review). *See* Compl. ¶ 17 ('732 patent), ¶ 25 ('021 patent). In addition, GTL accuses the same Securus products and services – the "Securus Voice Verification Products and Services" – of infringing both the '736 patent (not in *jnter partes* review) and the '243 patent (in *inter partes* review). *See* Compl. ¶ 33 ('736 patent), ¶ 41 ('243 patent). GTL also accuses Securus' SCP of infringing the '243 patent. *Id.* ¶ 41.

When, as here, there are overlapping issues between the patents undergoing review and other patents-in-suit not undergoing review, "courts have found that staying the entire case is warranted." *See Finjan, Inc.*, 2014 WL 2465267, at *4, and cases cited there. In fact, staying only as to the patents in *inter partes* review would be inappropriate. *Id.* ("Proceeding in such a piecemeal fashion will result in duplicative discovery and require the time and expense of educating a judge and jury twice on similar technology.").

## **CONCLUSION**

For the foregoing reasons, the Court should grant Securus' motion to stay this action in its entirety pending final decisions by the PTAB in the *inter partes* review proceedings for the '243 and '732 patents. In the alternative, the Court should stay the action at least with respect to the '243 and '732 patents.

Dated: July 28, 2015                              Respectfully submitted


                                              /s/ Richard A. Sayles
Richard A. Sayles
(Lead Counsel)
Texas State Bar No. 17697500
dsayles@swtriallaw.com
Mark D. Strachan
Texas State Bar No. 19351500
mstrachan@swtriallaw.com
E. Sawyer Neely
Texas State Bar No. 24041574
sneely@swtriallaw.com
Darren P. Nicholson
Texas State Bar No. 24032789
dnicholson@swtriallaw.com
**SAYLES │ WERBNER, P.C**.
1201 Elm Street, Suite 4400
Dallas, Texas 75270
(214) 939-8700 – Telephone
(214) 939-8787 – Facsimile

G. Michael Gruber
Texas Bar No. 08555400
mgruber@ghetrial.com
Anthony J. Magee
Texas Bar No. 00786081
amagee@ghetrial.com
Robert E. Weitzel
Texas Bar No. 24070823
rweitzel@ghetrial.com
**GRUBER   HURST   ELROD   JOHAN HAIL SHANK LLP**

Fountain Place
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
(214) 855-6800
(214) 855-6808 (fax)

**ATTORNEYS FOR DEFENDANT SECURUS TECHNOLOGIES, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 24, 2015, counsel for Securus, Mark D. Strachan, conferred with counsel for GTL, J.C. Rozendaal, by phone regarding this motion and that GTL declined to consent to the relief requested. This motion is, therefore, opposed.

*/s/ Mark D. Strachan*
Mark D. Strachan

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2015, Securus Technologies, Inc. electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send certification of such filing to all counsel.

*/s/ Richard A. Sayles*
Richard A. Sayles

`